**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CARL J. MAYER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>                     Plaintiffs,<br><br>          v.<br><br>BILL BELICHICK, THE NEW ENGLAND PATRIOTS, AND THE NATIONAL FOOTBALL LEAGUE,<br><br>                     Defendants. | ))))))))))))))) |

No. 3:07-CV-04671 (GEB)

ELECTRONICALLY FILED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**NATIONAL FOOTBALL LEAGUE'S MOTION TO DISMISS**

Robert Del Tufo
Shepard Goldfein
Paul M. Eckles
Matthew M. Martino
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendant National Football League*

Dated:  October 9, 2008

**TABLE OF CONTENTS**

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................1

SUMMARY OF ALLEGATIONS....................................................................................2

ARGUMENT ...................................................................................................................3

I.      PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED IN
        ITS ENTIRETY BECAUSE DISAPPOINTED EXPECTATIONS OF
        SPECTATORS AT A SPORTING EVENT CANNOT BE A BASIS FOR
        A CAUSE OF ACTION ......................................................................................4

II.     PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST THE NFL
        MUST BE DISMISSED.......................................................................................7

        A.      Plaintiff Has Failed to Plead Any Valid Contract with the NFL...........8

        B.      Plaintiff Has Failed to Plead the Requisite Elements of
                Quasi-Contract......................................................................................9

## TABLE OF AUTHORITIES

### CASES

Beder v. Cleveland Browns, Inc.,
   717 N.E.2d 716 (Ohio Ct. App. 1998)......................................................................5

Bickett v. Buffalo Bills, Inc.,
   472 N.Y.S.2d 245 (Sup. Ct. 1983) ...........................................................................6

Bishop v. GNC Franchising LLC,
   248 Fed. Appx. 298 (3d Cir. 2007) ...........................................................................6

Boswell v. Bentzoni,
   No. 3:CV-08-915, 2008 WL 2914372 (M.D. Pa. July 23, 2008)...............................9

Bowers v. Federation Internationale de l'Automobile,
   461 F. Supp. 2d 855 (S.D. Ind. 2006), aff'd, 489 F.3d 316 (7th Cir. 2007)..................4

Bowers v. Federation Internationale de l'Automobile,
   489 F.3d 316 (7th Cir. 2007)......................................................................................5

Butler v. USA Volleyball,
   673 N.E.2d 1063 (Ill. App. Ct. 1996)........................................................................7

Castillo v. Tyson,
   701 N.Y.S.2d 423 (App. Div. 2000)...................................................................4, 5, 9

Charles O. Finley & Co. v. Kuhn,
   569 F.2d 527 (7th Cir. 1978)......................................................................................6

Cohen v. Home Insurance Co.,
   552 A.2d 654 (N.J. Super. Ct. App. Div. 1989).......................................................10

Coyle v. Englander's,
   488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985).......................................................8

Harding v. United States Figure Skating Association,
   851 F. Supp. 1476 (D. Or. 1994)...............................................................................6

Iliadis v. Wal-Mart Stores, Inc.,
   922 A.2d 710 (N.J. 2007)......................................................................................9, 10

In re Insurance Brokerage Antitrust Litigation,
   Nos. 04-5184 (GEB), 05-1079 (GEB), 2007 WL 1062980
   (D.N.J. Apr. 5, 2007) ................................................................................................7

Joynes v. Meconi,
   No. 05-332 GMS, 2006 WL 2819762 (D. Del. Sept. 30, 2006) .................................. 9

Kost v. Kozakiewicz,
   1 F.3d 176 (3d Cir. 1993).................................................................................................4

Kurz v. Federation of Petanque U.S.A.,
   52 Cal. Rptr. 3d 776 (Ct. App. 2006) ........................................................................ 6

Murphy v. Implicito,
   920 A.2d 678 (N.J. Super. Ct. App. Div. 2007)........................................................... 8

Neitzke v. Williams,
   490 U.S. 319 (1989) ..................................................................................................... 4

Phillips v. County of Allegheny,
   515 F.3d 224 (3d Cir. 2008)................................................................................... 3, 4

Seko Air Freight, Inc. v. Transworld Systems, Inc.,
   22 F.3d 773 (7th Cir. 1994)........................................................................................ 6

Stern v. Cleveland Browns Football Club,
   No. 95-L-196, 1996 WL 761163 (Ohio Ct. App. Dec. 20, 1996)............................... 6

Strauss v. Long Island Sports, Inc.,
   401 N.Y.S.2d 233 (App. Div. 1978)............................................................................ 6

West v. IDT Corp.,
   No. 01-4372 (WHW), 2008 WL 762459 (D.N.J. Mar. 19, 2008)............................... 8

## STATUTES AND RULES

18 U.S.C. §§ 1512 et seq. ..................................................................................................9

18 U.S.C. § 1962...............................................................................................................7

N.J. Stat. Ann. § 2C:41-2..................................................................................................7

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant National Football League ("NFL" or "League") hereby moves to dismiss the Amended Complaint filed by Plaintiff Carl J. Mayer ("Mr. Mayer" or "Plaintiff") purportedly on behalf of all New York Jets season ticket holders and other ticket holders who purchased tickets to games between the New York Jets and the New England Patriots in Giants Stadium since 2000.

## PRELIMINARY STATEMENT

Mr. Mayer first instituted this action in September 2007 against the New England Patriots and Bill Belichick (collectively, the "Patriots"), asserting a variety of claims based on the Patriots' alleged infraction of an NFL rule of play – one of literally hundreds of rules that govern the playing of professional football – during a game against the New York Jets ("Jets") at Giants Stadium.  To be sure, violations of NFL rules can and do result in on-field and off-field penalties for offenders, from a loss of yardage or down during a game to fines or other discipline after a game.  The enforcement of the rules and the imposition of penalties are rightfully and properly vested in the League, whose member teams have recognized the need for systematic regulation and orderly play.  Plaintiff's claims are all based on the theory that the rules of the game have created contractual and legal duties on the participants in favor of fans who come to watch them play.  The rules, Plaintiff asserts, are there to ensure that ticket holders like themselves get what they pay for and expect – a "fair" and "honest" game.  While the NFL goes to great lengths to ensure that NFL games are fair and honest, Plaintiff's claims in this case are entirely devoid of legal support.  Such claims have never been recognized by any court, and for good reason.  If Plaintiff were correct, any time a player or team committed a penalty in violation of the rules of play that affected a fan's expectation of fairness, a cause of action would arise.  Such a theory of liability simply cannot succeed.

Rather than withdraw his complaint, Mr. Mayer chose to take his ill-conceived claims a step further by adding another participant to his unfounded case.  In the Amended Complaint, Plaintiff included the NFL itself as a Defendant, seeking relief from the NFL based on its alleged destruction of videotapes purportedly evidencing the Patriots violating a League rule in NFL games.  Plaintiff's claim against the NFL is just as baseless and absurd as his claims against the Patriots.  The NFL owes no duty, contractual or otherwise, to ticket holders to maintain any "evidence" it may use in its internal League investigations into alleged violations of NFL rules.  Indeed, Mr. Mayer has pled no contract between himself and the NFL, nor could he.

Plaintiff's lawsuit is plainly frivolous and insupportable, and appears to be more a publicity stunt than a valid use of the judicial system.  Accordingly, the Amended Complaint should be dismissed in its entirety.

## SUMMARY OF ALLEGATIONS

The thrust of the Amended Complaint is that the Patriots' alleged violation of a League rule during an NFL game has harmed Mr. Mayer as a Jets ticket holder and given rise to a number of causes of action against both the Patriots themselves and the NFL.  Specifically, Plaintiff alleges that, during a September 9, 2007 NFL football game between the Patriots and the Jets at Giants Stadium, the Patriots broke League rules when a Patriots employee videotaped Jets coaches and players on the field in order to capture the coaches' signals and instructions. (Am. Compl. ¶¶ 13-14, 18.)  According to the Amended Complaint, the NFL confiscated the video camera and videotape from the Patriots and conducted an investigation, culminating in a finding that the Patriots violated an NFL rule prohibiting the videotaping of an opponent's signals.  (Id. ¶¶ 14, 17-19.)  Plaintiff alleges that the NFL subsequently fined the Patriots and ordered the team to forfeit one or more draft picks.  (Id. ¶ 18.)

2

Mr. Mayer, "on information and belief," also claims that the Patriots committed the same infraction during every game that the Patriots played against the Jets at Giants Stadium from 2000 through 2007.  (Id. ¶ 21.)  The Amended Complaint thus seeks relief on behalf of a class of "[a]ll New York Jets season ticket-holders and other ticket-holders who purchased tickets" to those eight games.  (Id. ¶ 46.)  Plaintiff further alleges that the Patriots turned over to the NFL a number of other videotapes for further examination (id. ¶¶ 21, 113-14), and that those tapes were destroyed by the NFL by order of Commissioner Roger Goodell.  (Id. ¶¶ 42-43.)

In eight separate counts against the Patriots, Plaintiff seeks damages and restitution (see id. ¶ 21), asserting causes of action for tortious interference with contractual relations, fraud, deceptive business practices, racketeering under state and federal statutes, violation of rights as third-party beneficiaries, and breach of contract or quasi-contract.  Mr. Mayer claims that Jets ticket holders are entitled to a refund of the entire amount they paid for the tickets they purchased to attend each of the games at issue, an amount which, according to the Amended Complaint, exceeds $61 million and which Plaintiff contends should be trebled to over $180 million.  (Id. ¶ 21, Prayer for Relief ¶ C.)  Additionally, Plaintiff asserts one cause of action against the NFL, claiming breach of contract or quasi-contract as a result of the NFL's alleged destruction of the videotapes provided by the Patriots.  (Id. ¶¶ 21, 112-28.)

## ARGUMENT

In considering a Rule 12(b)(6) motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and internal quotation marks omitted).  A complaint must be dismissed if the plaintiff has failed to

3

"mak[e] a sufficient showing of enough factual matter (taken as true) to suggest the required elements of [its] claims." Id. at 235.  Rule 12(b)(6) also authorizes a court to dismiss a claim on a dispositive issue of law.  Bishop v. GNC Franchising LLC, 248 Fed. Appx. 298, 299 (3d Cir. 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989)).  Moreover, a court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts."  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under these standards, it is clear that Mr. Mayer's claims against both the NFL and the Patriots must be dismissed.

## I.   PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE DISAPPOINTED EXPECTATIONS OF SPECTATORS AT A SPORTING EVENT CANNOT BE A BASIS FOR A CAUSE OF ACTION

Each of the claims in the Amended Complaint is based on Mr. Mayer's allegations that he did not receive what he expected during the football game(s) between the Patriots and Jets. Plaintiff asserts that Jets ticket holders are entitled to a refund of the money that they paid for tickets because the event they observed was not a fair contest.  But Plaintiff has offered no legal theory under which a spectator may assert a claim based on his subjective view of the quality of a sporting event.  Indeed, "[t]he uniform weight of established case law holds that a failure to satisfy the subjective expectations of spectators at a sporting event is not actionable under law." Bowers v. Fed'n Internationale de l'Automobile, 461 F. Supp. 2d 855, 859 (S.D. Ind. 2006), aff'd, 489 F.3d 316 (7th Cir. 2007).

Castillo v. Tyson, 701 N.Y.S.2d 423 (App. Div. 2000), a purported class action in which the court rejected essentially the same claims as those here, is instructive.  The plaintiffs in Castillo were fans who paid to view a boxing match between Mike Tyson and Evander Holyfield. 701 N.Y.S.2d at 424.  When Tyson was disqualified for biting Holyfield's ear, the plaintiffs brought suit against Tyson, fight promoters, and fight telecasters seeking a refund because they allegedly were denied the right "to view 'a legitimate heavyweight title fight' fought 'in

4

accordance with the applicable rules and regulations' of the governing boxing commission . . . ." Id.  The plaintiffs advanced a litany of legal theories in support of their claims, including many of those found in the Amended Complaint here, such as breach of contract, unjust enrichment, fraud, and tortious interference with contractual relations.  Id.  The appellate court affirmed the lower court's dismissal of the plaintiffs' complaint for failure to state a cause of action, holding that the plaintiffs were not in contractual privity with any of the defendants and that the plaintiffs received exactly what they paid for, "namely, 'the right to view whatever event transpired'."  Id. at 425 (emphasis added).

Here, in an assertion almost identical to that made by the fight fans in Castillo, Mr. Mayer complains that he was denied the right to observe an honest game played "in compliance with all laws, regulations and NFL rules."  (Am. Compl. ¶ 2.)  And as in Castillo, Mr. Mayer's claims for unmet expectations fail as a matter of law.  Spectators have no express or implied right to see a sporting event free of penalties or free from any one particular type of penalty.[1] Thus, fans who purchased tickets to the game between the Patriots and Jets have no cause of action for disappointment in its quality.  See Bowers v. Fed'n Internationale de l'Automobile, 489 F.3d 316, 322 (7th Cir. 2007) (affirming dismissal of claims based on disappointment of spectators' expectations and noting that under tickets purchased "plaintiffs had no contractual right to a different performance"); Beder v. Cleveland Browns, Inc., 717 N.E.2d 716, 720-21 (Ohio Ct. App. 1998) ("That the Browns performed poorly after the announced move to Baltimore cannot serve as a basis from which to find that the Browns breached their contract with season ticket holders.  To allow recovery under such a theory would enable any ticket

---

[1]      Indeed, if there is any implied understanding of spectators, it is that rule infractions will occur during the games, as penalties or fouls are a well-known aspect of sports such as football.

holder not satisfied with the performance of whatever entertainment the ticket procured to seek a

refund for such a subjective and unreasonable response.") (citations omitted); <u>Stern v. Cleveland</u>

<u>Browns Football Club</u>, No. 95-L-196, 1996 WL 761163, at *6 (Ohio Ct. App. Dec. 20, 1996)

(refusing to recognize cause of action based on fan's disappointment in team's performance);

<u>Bickett v. Buffalo Bills, Inc.</u>, 472 N.Y.S.2d 245 (Sup. Ct. 1983) (holding that plaintiff fan not

entitled to damages for "diminished quality" of play); <u>Strauss v. Long Island Sports, Inc.</u>, 401

N.Y.S.2d 233, 238 (App. Div. 1978) (holding that disgruntled season ticket holder was not

entitled to rescind tickets because of his expectation that Julius "Dr. J" Erving would play; "any

such expectation was unreasonable as a matter of law"); <u>cf.</u> <u>Seko Air Freight, Inc. v. Transworld</u>

<u>Sys. Inc.</u>, 22 F.3d 773, 774 (7th Cir. 1994) ("That the Chicago Cubs turn out to be the doormat of

the National League would not entitle the ticket holder to a refund for the remaining games, any

more than the star tenor's laryngitis entitles the opera goer to a refund when the understudy takes

over the role.").

Accordingly, the Amended Complaint should be dismissed in its entirety for failure to

state any viable claim upon which relief may be granted.[2]

---

[2]     Even in connection with disputes involving association members – who actually may
have contractual rights – it is well-established that courts generally should refrain from
interfering with the internal rule enforcement and disciplinary proceedings of a private
association. <u>See, e.g.</u>, <u>Charles O. Finley & Co. v. Kuhn</u>, 569 F.2d 527, 539 (7th Cir. 1978)
(affirming dismissal of claim by Major League Baseball team against that league's
Commissioner based on alleged arbitrary and capricious conduct in the interpretation and
enforcement of internal baseball rules and procedures because "'[w]hether he was right or wrong
is beyond the competence and the jurisdiction of this court to decide'"); <u>Harding v. United States</u>
<u>Figure Skating Ass'n</u>, 851 F. Supp. 1476, 1479 (D. Or. 1994) ("The courts should rightly hesitate
before intervening in disciplinary hearings held by private associations, including the defendant
United States Figure Skating Association."); <u>Kurz v. Fed'n of Petanque U.S.A.</u>, 52 Cal. Rptr. 3d
776, 786 (Ct. App. 2006) (addressing discipline of umpires by nonprofit sports organization and
holding that "common sense and judicial restraint would also dictate that a court should not
involve itself in internal disciplinary actions of the type involved in this case.  Such
determinations are better left to the discretion and expertise of the nonprofit mutual benefit

*(cont'd)*

## II.   PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST THE NFL MUST BE DISMISSED

The only specific claim Mr. Mayer has asserted against the NFL appears in Count IX of the Amended Complaint, which is styled as a claim for "Breach of Contract."[3]  Mr. Mayer contends that the NFL breached its contractual and quasi-contractual duty to him as a Jets ticket holder to secure the videotapes that he alleges contained evidence of the Patriots' rule infractions. (Am. Compl. ¶122.)  For this alleged breach of contract, Plaintiff seeks unliquidated monetary damages and punitive damages.  (Id. ¶ 128.)  This claim, however, like those against the Patriots, fails as a matter of law.  In addition to the reasons articulated above, Count IX must be dismissed because Plaintiff has failed to plead (i) a valid contract between Plaintiff and the NFL, and (ii) the requisite elements of "quasi-contract" or unjust enrichment.

_____
*(cont'd from previous page)*
organization's governing board."); Butler v. USA Volleyball, 673 N.E.2d 1063, 1066 (Ill. App. Ct. 1996) ("Courts are reluctant to interfere with the disciplinary decisions of voluntary associations.").

[3]      While Count IX is the only specific cause of action pled against the NFL (see Am. Compl. ¶ 21), Mr. Mayer does  appear to contend that the NFL is, or is part of, a RICO "enterprise" under 18 U.S.C. § 1962 (Am. Compl. ¶ 99), as well under the New Jersey Racketeering Statute, N.J. Stat. Ann. § 2C:41-2 (Am. Compl. ¶ 87).  Although it is unclear what Mr. Mayer means when alleging that the NFL is one of the "enterprises" (along with the Patriots and the Jets), his confusing claims are plainly contrary to law.  Indeed, Plaintiff has failed to plead any of the required elements of a RICO enterprise.  See, e.g., In re Ins. Brokerage Antitrust Litig., Nos. 04-5184 (GEB), 05-1079 (GEB), 2007 WL 1062980, at *8-13 (D.N.J. Apr. 5, 2007) (in order to adequately plead a RICO enterprise, plaintiff must plead factual evidence that various associates function as single continuing unit, with ascertainable structure, in which each defendant conducted affairs through pattern of racketeering activity).  Plaintiff alleges only that the Jets (the purported "victim" of the Patriots actions), the NFL (which, as Plaintiff himself alleges, disciplined the Patriots for its actions), and the Patriots (which is not alleged to have committed any unlawful acts under RICO), somehow are, or are part of, a RICO enterprise.  Such conclusory allegations are insufficient as a matter of law.  See id. at *9, *11.  Moreover, as demonstrated in the Patriots' Motion to Dismiss, Plaintiff has failed to adequately allege (i) the predicate acts required under the RICO statute; (ii) a pattern of such activity; and (iii) an injury recognized by the statute.  (See Patriots' Mem. at 12-19.)

7

**A.**      **Plaintiff Has Failed to Plead Any Valid Contract with the NFL**

A plaintiff asserting a breach of contract claim under New Jersey law must plead and

ultimately prove four essential elements: (i) that the parties entered into a valid contract; (ii) that

the defendant failed to perform his obligations under the contract; (iii) that the plaintiff

performed under the contract; and (iv) that the plaintiff sustained damages as a result of the

defendant's breach.  West v. IDT Corp., No. 01-4372 (WHW), 2008 WL 762459, at *3 (D.N.J.

Mar. 19, 2008); Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007); Coyle

v. Englander's, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985).  Here, Plaintiff has failed

to plead the most basic and critical element of a breach of contract claim – a valid contract

between Plaintiff and the NFL.

Although Count IX of the Amended Complaint repeatedly refers to the "duty"

purportedly owed by the NFL to Jets ticket holders to preserve the videotapes it allegedly

destroyed, Mr. Mayer does not allege from what contract that "duty" arises.  While Plaintiff

asserts elsewhere in the Amended Complaint that the tickets he purchased constituted a contract

with the Jets (see Am. Compl. ¶ 60), he does not – and cannot – allege that those tickets created a

contract with the NFL.[4]

Indeed, Mr. Mayer does not and cannot point to any agreement, express or otherwise,

existing between him and the NFL.  Instead, Plaintiff asserts that because the NFL has the power

to render internal league disciplinary findings, it has "assumed a duty" to protect ticket holders'

---

[4]      Even had Plaintiff alleged that the tickets he purchased created a "contract" between
himself and the NFL, those tickets contain no express or implied representations or warranties
granting the right to view a "fair" game free of rule infractions or providing that the NFL will
maintain "evidence" of any alleged rule violations or other wrongdoing for the benefit of ticket
holders who may wish to bring private lawsuits against teams committing such infractions.  (See
Patriots' Mem. at 7-8 and Ex. A thereto.)

contractual rights.  (Am. Compl. ¶ 125.)  While, again, it is unclear exactly what Plaintiff is

alleging here, to the extent that he is implying that he is owed a duty pursuant to some

unspecified contractual commitments between and among the NFL and its member teams

regarding rule enforcement, Plaintiff is not a party to or beneficiary of such agreements.  Like the

boxing fans in Castillo, Plaintiff here is not in contractual privity with the NFL or any of the

other Defendants, and any claim that he is a third-party beneficiary of contracts among

Defendants is "contrived."  See Castillo, 701 N.Y.S.2d at 424.  Because Mr. Mayer has failed to

plead even the most basic element of a breach of contract cause of action – the existence of a

valid contract – his claim against the NFL must be dismissed.[5]

## B.     Plaintiff Has Failed to Plead the Requisite Elements of Quasi-Contract

Plaintiff appears to offer a theory of "quasi-contract" as an alternative basis for his claim

against the NFL.  (See Am. Compl. ¶ 127.)  To establish a claim for quasi-contract, or unjust

enrichment, a plaintiff "must show both that defendant received a benefit and that retention of

that benefit without payment would be unjust."  Iliadis v. Wal-Mart Stores, Inc., 922 A.2d 710,

723 (N.J. 2007) (citation omitted).  The quasi-contract doctrine also "'requires that plaintiff show

that it expected remuneration from the defendant at the time it performed or conferred a benefit

on defendant and that the failure of remuneration enriched defendant beyond its contractual

---

[5]     In Count IX, Mr. Mayer also alleges that the NFL's "destruction of the Patriots'
videotapes" violated the federal obstruction of justice statute, 18 U.S.C. §§ 1512 et seq., as
amended by the Sarbanes Oxley Act.  (Am. Compl. ¶¶ 118, 121.)  Plaintiff appears to suggest
that this criminal statute confers on the NFL some "legal duty" to Plaintiff (Am. Compl. ¶ 122),
upon which he may bring his civil action against the NFL for breach of contract.  However, it is
well established that there exists no private cause of action under 18 U.S.C. § 1512.  See, e.g.,
Boswell v. Bentzoni, No. 3:CV-08-915, 2008 WL 2914372, at *2 (M.D. Pa. July 23, 2008);
Joynes v. Meconi, No. 05-332 GMS, 2006 WL 2819762, at *10 (D. Del. Sept. 30, 2006).  Thus,
Plaintiff's apparent suggestion that the federal obstruction of justice statute creates a legal duty to
Plaintiff to maintain the alleged videotapes is plainly wrong.

rights.'"  Id. (citation omitted); see also Cohen v. Home Ins. Co., 552 A.2d 654, 659 (N.J. Super. Ct. App. Div. 1989) (to establish a prima facie case of quasi-contract, it is "necessary for plaintiff to prove that defendant received a benefit from plaintiff which it is unjust for him to retain without compensation, and that plaintiff, in conferring the benefit, expected remuneration").

Mr. Mayer has failed to plead any of the requisite elements of a quasi-contract claim.  He does not contend that he conferred any benefit upon the NFL, that the NFL retained any benefit conferred by him, or that he ever expected any remuneration from the NFL.  Accordingly, the Amended Complaint fails to state a claim in quasi-contract upon which relief may be granted and therefore should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant National Football League respectfully requests that

its Motion to Dismiss be granted.


Dated: October 9, 2008                                    Respectfully submitted,


                                                          _s/ Robert Del Tufo___
                                                          Robert Del Tufo
                                                          Robert.DelTufo@skadden.com
                                                          Shepard Goldfein
                                                          Shepard.Goldfein@skadden.com
                                                          Paul M. Eckles
                                                          Paul.Eckles@skadden.com
                                                          Matthew M. Martino
                                                          Matthew.Martino@skadden.com
                                                          SKADDEN, ARPS, SLATE,
                                                              MEAGHER & FLOM LLP
                                                          Four Times Square
                                                          New York, New York 10036-6522
                                                          Telephone:  (212) 735-3000
                                                          Facsimile:  (212) 735-2000

                                                          *Attorneys for Defendant National Football*
                                                              *League*