<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                          )
CARL J. MAYER, on behalf of        )
himself and all others similarly situated,    )
                                          )
             Plaintiffs,        )
                                          )   Civil Action No. 07-4671 (GEB)
      v.                  )
                                          )   **MEMORANDUM OPINION**
BILL BELICHICK; THE NEW ENGLAND )
PATRIOTS; and THE NATIONAL        )
FOOTBALL LEAGUE,                )
                                          )
             Defendants.       )
_____)

<u>**BROWN, Chief Judge**</u>

      This matter comes before the Court upon Defendants' Bill Belichick and the New England Patriots' Motion to Dismiss (Docket Entry No. 15) and Defendant the National Football League's Motion to Dismiss (Docket Entry No. 18). The Court has reviewed the parties' submissions, including a submission by Amicus Curiae the New York Jets, and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant both Motions to Dismiss without prejudice.

**I.    BACKGROUND**

      Plaintiff, a New York Jets season ticket-holder, brings the instant suit "on behalf of himself and all others similarly situated," against Bill Belichick, the New England Patriots, and the National Football League ("NFL") alleging various causes of action due to that which has been coined "spy-

1

gate."  Plaintiff alleges that he is entitled to statutory, punitive, and compensatory damages, restitution, equitable relief, and attorneys' fees and costs because "Defendants, during a game with the New York Jets on September 9, 2007, [and on other unspecified occasions,] instructed an agent of the Defendants to surreptitiously videotape the New York Jets coaches and players on the field with the purpose of illegally recording, capturing and stealing the New York Jets signals and visual coaching instructions."  (Docket Entry No. 7 at 1 to 2.)

Plaintiff alleges that video recording these signals and instructions constituted cheating and violated the League's rules, which state that "no video recording devices of any kind are permitted to be in use in the coaches' booth, on the field, or in the locker room during the game."  (Id. at ¶¶5,15, and 16.)  Plaintiff further alleges that this activity "violated the contractual expectations and rights of New York Jets ticket-holders who fully anticipated and contracted for a ticket to observe an honest match played in compliance with all laws, regulations and NFL rules."  (Id. at ¶2.)  As a result of their activities and after an internal investigation, the NFL fined Bill Belichick, the coach of the Patriots, $500,000, and fined the Patriots $250,000.  (Id. at ¶18.) The Commissioner of the NFL Roger Goodell also ordered that the tapes produced should be destroyed. (Id. at ¶43.)

Plaintiff seeks class certification "on behalf of himself and a Nationwide Class of similarly situated persons," who shall include "[a]ll New York Jets season ticket-holders and other ticket-holders who purchased tickets to games between the New York Jets and the New England Patriots in Giants stadium since Bill Belichick became head coach . . . in 2000" and "[a]ll individuals that are residents of the State of New Jersey and that purchased tickets to watch the New York Jets play the New England Patriots between 2000 and 2007 in Giants stadium" but excluding "the officers, directors, and employees of Defendants, and the legal representatives, heirs, successors, and assigns

of Defendants." (Id. at ¶46, 49, 51.)

**II.     DISCUSSION**

The thrust of Plaintiff's arguments is that he, as a season ticket holder, "anticipated and contracted for a ticket to observe an honest match played in compliance with all laws, regulations and NFL rules." (Docket Entry No. 7 at ¶2.) Plaintiff asserts a variety of causes of action in his Amended Complaint against the New England Patriots, Bill Belichick, and the NFL: tortious interference with contractual relations, common law fraud, deceptive business practices, violations of the New Jersey and federal racketeering statutes, violations of the New Jersey Consumer Fraud Act, and breach of contract, quasi-contract, and contractual rights as third party beneficiaries. However, the Court's consideration of each of these causes of action as it applies to these cases results in the same underlying gap. Plaintiff has not asserted an actionable injury insofar as he states that upon presentment of his ticket at Giants Stadium, he was permitted entry, and he was able to view a football game between the New York Jets and the New England Patriots.  Plaintiff's subjective expectations regarding how the game would be played and what decisions the respective coaches would make, right or wrong, even if these actions constituted "cheating," was not anything that he either received license to or contracted for.  Rather, Plaintiff's ticket was redeemed, and he was able to see whatever transpired at Giants Stadium on that date, in this case, a football game, and as a result, Plaintiff got exactly that for which he paid. Therefore, for these reasons and those to follow in this Memorandum Opinion, the Court grants Defendants' motions and dismisses Plaintiff's Amended Complaint in its entirety.

### A. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to relief sought. Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. Id. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

### B. Plaintiffs Have Not Asserted Any Actionable Injury

The issue in this case is whether the actions of Defendants Belichick and the New England Patriots result in an actionable claim under any of the causes of action identified in the Amended

4

Complaint. This Court holds that they do not. "The uniform weight of established case law holds that a failure to satisfy the subjective expectations of spectators at a sporting event is not actionable under law." In re 2005 United States Grand Prix, 461 F. Supp. 2d 855 (7th Cir. 2006). "[M]ost states agree that the seller contracts only to admit the plaintiff to its property at a given time. The plaintiff buys the ticket, of course, in order to see an event that is scheduled to occur on the ticket-seller's grounds, but the seller does not contract to provide the spectacle, only to license the plaintiff to enter and 'view whatever event transpire[s]." Bowers v. Fed;n Internationale De L'Automobile, 489 F.3d 316, 321 (7th Cir. 2007) (citing Castillo v. Tyson, 268 A.D.2d 336, 337, 701 N.Y.S.2d 423, 425 (N.Y. App. Div. 2000)). See also Petrich v. MCY Music World, Inc., 862 N.E.2d 1171, 1180 (Ill App. Ct. 2007); Yarde Metals, Inc. v. New England Patriots Ltd. P'ship, 834 N.E.2d 1233, 1236 (Mass. App. Ct. 2005); Sweeney v. United Artists Theater Circuit, Inc., 119 P.3d 538, 540-41 (Colo. Ct. App. 2005); Six Flags Theme Parks, Inc. v. Dir. of Revenue, 102 S.W.3d 526, 533 (Mo. 2003); Wichita State Univ. Intercollegiate Athletic Ass'n v. Marrs, 28 P.3d 401, 403 (Kan Ct. App. 2001). But see Miami Dolphins, Ltd. v. Genden & Bach, P.A., 545 So. 2d 294, 296 (Fla. Dist. Ct. App. 1989) (holding that a refund was due to season ticket holder when labor strikes resulted in the cancellation of games and the team played a game using strikebreakers). "By no means does the purchase of a ticket entitle the purchaser to any level of quality in an event or performance." Brian A. Rosenblatt, I Know, It's Only Rock and Roll, But Did They Like It?: An Assessment of Causes of Action Concerning the Disappointment of Subjective Consumer Expectations Within the Live Performance Industry, 13 U.C.L.A. Ent. L. Rev. 33, 37-38 (2005) (citing Charpentier v. Los Angelos Rams Football Co., Inc., 89 Cal. Rptr. 2d 115, 124 (Cal. Ct. App. 1999)).

Although Plaintiff quotes the NFL rule that was apparently violated to substantiate each of

the other common law and statutory claims that is made in the Amended Complaint, such a violation does not amount to an action at law. The actions of Defendants "at most, yielded a non-actionable loss of goodwill" and "[a]ny further grievance or disgruntlement on the part of Plaintiffs must be pursued, if at all, in the marketplace, through fan withdrawal of money and attendance at future . . . events." In re 2005 United States Grand Prix, 461 F. Supp. 2d at 862. In cases where spectators "receive[] what they paid for, namely, 'the right to view whatever event transpired,'" such ticket-holders have not asserted an actionable injury when a rule governing the play of that event has been violated. Castillo v. Tyson, 268 A.D.2d 336, 337, 701 N.Y.S.2d 423, 425 (N.Y. App. Div. 2000).

Although there are few cases on point, in general in New Jersey, a "ticket is to be regarded as a mere license, for the revocation of which before the holder has actually been given his seat, and has taken it, the only remedy is in assumpsit for a breach of the contract." Shubert v. Nixon Amusement Co., 83 N.J.L. 101, 105 (N.J. Sup. Ct. 1912). As the language of the New Jersey Supreme Court in Shubert suggests, there may be a remedy where a ticket has not been honored, but there is no remedy at law where the ticket-holder has been granted admission and subsequently complains about the quality, or here, the "honesty," of the conduct of the event. This principle has also been recognized by courts in cases such as In re 2005 United States Grand Prix and Castillo v. Tyson, and this Court follows the lead of those decisions.

Plaintiff creatively identifies nine separate causes of action in his Amended Complaint, but because the Court has determined that there is no actionable injury given that Plaintiff has not alleged an actionable injury, the Court need not address each individual count listed in the Amended Complaint. All of Plaintiff's claims hinge on the allegations, which for the purposes of these motions the Court accepts as true, regarding the dishonesty of tape recording signals, and therefore,

each is fundamentally flawed.  To this end, there is also no actionable claim against the NFL for "destroying" the tapes at issue.  Accordingly, the Court dismisses the Amended Complaint in its entirety as it applies against the three Defendants.

### III.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Belichick and the New England Patriots' Motion to Dismiss, and the Court grants the NFL's Motion to Dismiss.   An appropriate form of Order accompanies this Opinion.


Dated: March 23, 2009

                                           s/ Garrett E. Brown, Jr.  
                                           GARRETT E. BROWN, JR., U.S.D.J.